19746

ENGINEERED PRODUCTS, Respondent, v. CLEVELAND CRANE
AND ENGINEERING, a Division of McNeil Corporation and
Engineering Sales of Charlotte, Inc., Defendants, of whom Cleve-
land Crane and Engineering is, Appellant.

(201 S. E. (2d) 921)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Wyche, Burgess, Freeman & Parham,* of Greenville, *for Respondent,*

January 7, 1974.

LITTLEJOHN, Justice:

This jurisdictional dispute arises out of an action filed by Engineered Products against Cleveland Crane and Engineering and against a codefendant, Engineering Sales of Charlotte, Inc. alleging amounts due on each of two separate contracts. This appeal involves only the question of the amenability of Cleveland Crane to suit in South Carolina by Engineered Products.

Engineered Products is a wholly owned subsidiary of Gower Manufacturing Company, both of which are South Carolina corporations with their offices and base operations in Greenville, South Carolina. Cleveland Crane is a division of McNeil Corporation, an Ohio corporation with principal offices in Akron, Ohio. Cleveland Crane has its principal office and manufacturing facility in Wickliffe, Ohio, with a limited office and manufacturing facility in Cucamonga, California. Engineering Sales is a North Carolina corporation with its principal and only place of business in Charlotte.

The complaint set out two causes of action. The first cause of action alleged that Engineered Products entered into a contract with Cleveland Crane, wherein Engineered Products would supply necessary material and install telestack racks in the Southwire Company warehouse in Carrollton, Georgia. Engineered Products further alleged that it performed, pursuant to the terms of the contract, but that Cleveland Crane has refused to pay $42,966.00 due and owing to it for such performance.

4

The second cause of action alleged that Engineered Products, through its agent Gower Manufacturing Company, entered into a contract with Cleveland Crane, through its sales agent Engineering Sales, wherein Cleveland Crane agreed to design, fabricate and install four stacker cranes at Dan River Mills in Danville, Virginia. It was further alleged that Cleveland Crane failed to perform according to the contract, thereby creating delays and causing damages to Engineered Products in the amount of $11,326.00.

Cleveland Crane entered a special appearance and objected to the jurisdiction of the court upon the grounds that it does no business, has no agents or servants, and owns no property in the State of South Carolina, nor has it engaged in any other conduct or activity which would subject it to the jurisdiction of the courts of this State. Engineering Sales also appeared specifically to object to the court's jurisdiction. In response, Engineered Products filed a motion requesting an order holding that the court did have jurisdiction over both defendants and ordering them to answer the complaint. All parties filed affidavits in support of their respective positions.

After conducting a hearing on the matter, the trial court issued its order holding that both Cleveland Crane and Engineering Sales were subject to the jurisdiction of the South Carolina courts, from which order Cleveland Crane has appealed. Engineering Sales has not appealed.

We proceed to separately consider each cause of action in order to determine whether with regard to either, or both, Cleveland Crane has sufficient minimum contacts with South Carolina such that the maintenance of this suit in this State will not offend traditional notions of fair play and substantial justice. The question of *in personam* jurisdiction over a foreign corporation is one which must be resolved upon the facts of each particular case. The decision of the trial court should be affirmed unless unsupported by the evidence or influenced by error of law. See, *e.g., Triplett v. R. M. Wade and Co.,* 200 S. E. (2d) 375 (S. C., Filed Nov. 7, 1973).

With reference to the Southwire project, from which arose the first cause of action, the affidavits submitted to the trial judge disclose that Cleveland Crane was the prime contractor and Engineered Products was a subcontractor. For a stated consideration, Engineered Products agreed to fabricate and install telestack racks in the Southwire Company warehouse in Carrollton, Georgia. At its facilities in Greenville, South Carolina, employees of Engineered Products put in all the details to the general plans and specifications furnished by Cleveland Crane, and were completely responsible for completion of the plans and specifications to be used in the project. They also formulated and programmed the installation method to be used, and reviewed and approved the final shop drawings to be used by employees of Gower to fabricate the racks.

The actual manufacturing of the racks was performed in Greenville by Gower employees, in keeping with Gower's fixed working arrangement with Engineered Products, whose employees then coordinated the loading of the finished products upon trucks belonging to Gower.

The affidavits further reveal that on more than a single occasion subsequent to the execution of the contract, employees of Cleveland Crane came to the offices of Engineered Products to discuss various aspects of the project.

These facts support the trial judge's conclusion that, insofar as Engineered Products' first cause of action is concerned, Cleveland Crane is subject to the jurisdiction of the courts of this State by virtue of § 10.2-803 of the Code of Laws of South Carolina (1962), which provides in pertinent part:

"A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

\* \* \*

"(g) entry into a contract to be performed in whole or in part by either party in this State . . . "

Cleveland Crane argues that jurisdiction can be obtained under § 10.2-803(1)(g) only if the contract calls for a performance in this State. To support this contention it relies upon *Deering Milliken Research Corp. v. Textured Fibers, Inc.,* D. C., 310 F. Supp. 491 (1970). We cannot agree that that decision supports such a construction of subsection (g); rather it is authority for a conclusion to the contrary.

The contract involved in *Deering Milliken* did not specify the place of performance of the acts relied upon to invoke the jurisdiction of the courts of this State. However, "all parties knew and contemplated that such services under the agreements would be largely performed by the plaintiff's employees at its laboratory and testing facilities in Spartanburg, South Carolina." 310 F. Supp. at p. 498. Similarly, in the instant case, the conclusion seems inescapable that from the outset both Engineered Products and Cleveland Crane knew and contemplated that the telestack racks would be designed and fabricated at Engineered Products' plant in Greenville, South Carolina. Cleveland Crane's contention that, when the contract is considered in its entirety, the acts which occurred in this State were insignificant is patently without merit.

Because significant events took place in South Carolina in performance of the terms of the contract, which forms the basis of Engineered Products' first cause of action, events which both parties contemplated would take place here when they entered into the contract, the trial judge correctly held that Cleveland Crane is subject to the jurisdiction of the courts of this State by virtue of § 10.2-803(1)(g).

The parties to the Dan River contract, upon which rests Engineered Products' second cause of action, were actually Gower Manufacturing Company and Engineering Sales. It is undisputed that Gower was the agent of Engineered Products; however, Cleveland Crane takes exception to the trial

judge's conclusion that Engineering Sales was its agent, contending that the latter was instead an independent dealer.

In 1938, Engineering Sales entered into a "Branch Agency Agreement" with Cleveland Crane, whereby the former was appointed a territorial representative of the latter and, as its representative, agreed to conduct business under the name "Cleveland Tramrail Carolinas Company." This contract was superseded in 1961 by a "Sales Representative Agreement" which was in effect when the Dan River contract was executed. Cleveland Crane contends that the agency status of Engineering Sales created by the earlier agreement was altered by the subsequent agreement to that of independent dealer.

A comparison of the two agreements demonstrates, however, that they are strikingly similar in most respects. Notwithstanding the fact that Cleveland Crane no longer attempted to restrict other lines of products in which Engineering Sales could deal, it continued to exercise a considerable degree of control over the latter. Engineering Sales continued to act as Cleveland Crane's selling agent in South Carolina, handling its full line of products and making many business trips and sales in this State under the name "Cleveland Tramrail Carolinas Company."

Section 10.2-803 further provides as follows:

"A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

"(a) transacting any business in this State . . . "

The Dan River contract, the *crux* of Engineered Products' second cause of action, was related to and arose from the fact that Engineering Sales, as agent for Cleveland Crane, was transacting business in the State and had done so over a period of 25 years. The principle is firmly established that a foreign corporation doing business in this State through an agent is subject to *in personam* jurisdiction as if the

corporation itself was doing business. Cases collected, 6 South Carolina Digest Corporations § 642(4½) (1952, Cum. Supp. 1973).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.