20655

SOUTHLAND MOBILE HOMES OF SOUTH CAROLINA, INC., a South Carolina Corporation, Plaintiff, v. ASSOCIATES FINAN-CIAL SERVICES COMPANY, INC., and Mellon Bank, N. A. of which Associates Financial Services, Company, Inc. is, Respondent, and Mellon Bank, N. A. is, Appellant.

(244 S. E. (2d) 212)

*J. Wesley Drawdy* of *Drawdy Law Offices, for Appellant,*

*Weinberg, Warner, Brown & McDougall,* of Sumter, *for Respondent.*

*Donald E. Rothwell,* of Columbia, *for Associates Financial Services Company, Inc.*

April 3, 1978.

GREGORY, Justice:

This action was brought by Southland Mobile Homes of South Carolina, Inc. [Southland] against Associates Financial Services Company, Inc. [Associates Financial] and Mellon Bank, N. A. [Mellon Bank] to recover damages for breach of contract. Associates Financial cross-claimed against its co-defendant, Mellon Bank. Mellon Bank challenged the circuit court's jurisdiction by special appearance, and appeals the lower court's order finding the circuit court has jurisdiction over Mellon Bank.

Mellon Bank served both Southland and Associates Financial with notice of its intention to appeal the lower court's jurisdictional finding. On the subsequent motion of Southland, however, the lower court dismissed Mellon Bank's appeal as to Southland for failing to serve the proposed case and exceptions within the time allowed by Section 18-9-70, 1976 Code of Laws of South Carolina, and Circuit Court Rule 49. We affirmed that order in *Southland Mobile Homes of South Carolina, Inc. v. Associates Financial Services Company, Inc. and Mellon Bank, N. A.,* S. C., 244 S. E. (2d) 211 (1978) (Op. No. 20654, filed April 3, 1978).

Mellon Bank's appeal as to Associates Financial was submitted without oral argument under Rule 29 of our Rules of Practice.

The sole question presented by this appeal is whether the circuit court has jurisdiction over Mellon Bank.

On appeal from an order of the lower court finding it has jurisdiction, this Court will affirm the lower court's finding unless it is unsupported by the evidence or influenced by error of law. *Jacobs v. Association of Independent Colleges and Schools,* 265 S. C. 459, 219 S. E. (2d) 837 (1975).

Mellon Bank is a national banking association organized under the provisions of Title 12 of the United States Code. Its principal place of business is located in Allegheny County, Pennsylvania.

Both jurisdiction and venue in actions against national banks are governed by federal statutes.

28 U. S. C. S. § 1348 (1977) controls jurisdiction:

The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such asso-

ciation, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12 [12 U. S. C. S. §§ 21 *et seq.*], to enjoin the Comptroller of the Currency, of any receiver acting under his direction, as provided by such chapter.

All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

12 U. S. C. S. § 94 (1977) controls venue:

Suits, actions, and proceedings against any association under this title may be had in any district, or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Under 28 U. S. C. S. § 1348 Mellon Bank is deemed a citizen of South Carolina and thus subject to the jurisdiction or our courts if it is *located* here.

Under 12 U. S. C. S. § 94 venue is proper in "any State, county, or municipal court . . . having jurisdiction in similar cases" where Mellon Bank is *located.*

In *Holson v. Gosnell,* 264 S. C. 619, 216 S. E. (2d) 539 (1975), *cert. denied* 423 U. S. 1048, 96 S. Ct. 774, 46 L. Ed. (2d) 636, this Court held that a national bank is *located* in any county in this State in which it has a branch bank. The United States Supreme Court affirmed the principle of that holding in *Citizens and Southern National Bank v. Bougas,* . . . U. S. . . ., 98 S. Ct. 88, 54 L. Ed. (2d) 218 (1977).

For purposes of national banking associations, branch banks are defined in 12 U. S. C. S. § 36 (1977). Subsection (f) of that section provides as follows:

The term "branch" as used in this section shall be held to include any branch bank, branch office, branch agency,

additional office, or any branch place of business located in any State or Territory of the United States or in the District of Columbia at which deposits are received or checks paid, or money lent.

The United States Supreme Court discussed 12 U. S. C. S. § 36(f) in *First National Bank v. Dickinson,* 396 U. S. 122, 90 S. Ct. 337, 24 L. Ed. (2d) 312 (1969), *reh denied* 396 U. S. 1047, 90 S. Ct. 677, 24 L. Ed. (2d) 693:

Although the definition [12 U. S. C. S. § 36 (f)] may not be a model of precision, in part due to its circular aspect, it defines the minimum content of the term "branch"; by use of the word "include" the definition suggests a calculated indefiniteness with respect to the outer limits of the term. However, the term "branch bank" at the very least includes *any* place for receiving deposits or paying checks or lending money apart from the chartered premises; it may include more. It should be emphasized that, since § 36(f) is phrased in the disjunctive, the offering of any one of the three services mentioned in that definition will provide the basis for finding that "branch" banking is taking place. Thus not only the taking of deposits but also the paying of checks or the lending of money could equally well provide the basis for such a finding. 396 U. S. at 135, 90 S. Ct. at 344, 24 L. Ed. (2d) at 320-321.

Thus, if Mellon Bank has received deposits, paid checks, or lent money in a county in this State it will have branch banked in that county and will be considered located there.

Based on the affidavit of Bruce Gordon, Associates Financial's operations manager in Sumter County, and an attached contract between Associates Financial and Mellon Bank dated December 20, 1972, the lower court made the following findings:

Without question the exhibits and evidence presented establish that the Associates' office in Sumter, South Caro-

lina, received checks made payable to the Mellon Bank, that it loaned money of the Mellon Bank and conducted all business necessary to be completed with the receipt of the funds and the disbursement of them pursuant to explicit directions of the Mellon Bank as to all places of procedure. Upon a review of all of the facts it would appear that branch banking was in fact taking place at the Associates' office for the benefit of Mellon throughout the tenure of the contract between these defendants.

The lower court found Mellon Bank had received and loaned money in Sumter County through Associates Financial and thus was branch banking in Sumter County within the meaning of 12 U. S. C. S. § 36(f). Additionally, the lower court found Mellon Bank had sufficient contacts with this State to permit the exercise of State court jurisdiction under Section 36-2-803, 1976 Code. Since these findings are supported by the evidence and were not influenced by error of law, they are binding on this Court on appeal. *Jacobs, supra.*

Clearly the Sumter County Court of Common Pleas would have jurisdiction over this action unless Mellon Bank is granted an exemption by the cited federal statutes. Under 12 U. S. C. S. § 36(f) Mellon Bank was branch banking in Sumter County through Associates Financial and thus is located there. *Holson, supra.* Accordingly, Mellon Bank is a citizen of this State and subject to the jurisdiction of our courts under 28 U. S. C. S. § 1348, and venue is proper in Sumter County under 12 U. S. C. S. § 94.

Finding no error in the order of the lower court, we affirm.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.