### 21191

**SOUTHLAND MOBILE HOMES OF SOUTH CAROLINA, INC.,** Respondent, v. ASSOCIATES FINANCIAL SERVICES COMPANY, INC., and Mellon Bank, N. A., Defendant, of which Mellon Bank, N. A., is Appellant, and Associates Financial Services Company Inc., is a Respondent.

(265 S. E. (2d) 258)

*Charles W. Knowlton, Francis P. Mood* and *Hamilton Osborne, Jr.,* all of *Boyd, Knowlton, Tate & Finlay,* Columbia, for appellant.

*M . M. Weinberg, Jr.* and *Robert W. Brown,* both of *Weinberg, Warner, Brown & McDougall,* Sumter, *for respondent Southland Mobile Homes of South Carolina.*

*Donald E. Rothwell,* Columbia, *for respondent Associates Financial Services, Co., Inc.*

April 9, 1980.

LITTLEJOHN, Justice:

The appeal before us grows out of a default judgment granted the plaintiff, Southland Mobile Homes of South Carolina, Inc., in the amount of $742,424.29. The history of the proceedings is set forth in the agreed statement of facts, which we quote, as follows:

"This action was brought by Southland Mobile Homes of South Carolina, Inc., ('Southland') against Associates Financial Services Company, Inc., ('Associates') and Mellon Bank, N. A., ('Mellon Bank') to recover damages for an alleged breach of contract. Associates cross-claimed against Mellon Bank. Through a Special Appearance, Mellon Bank challenged the jurisdiction of the South Carolina courts on the basis of the provisions of the National Banking Act.

"The Trial Court, by its Order dated February 16, 1977, concluded that Mellon Bank was properly before the Court, and counsel for Mellon Bank, J. Wesley Drawdy [now substituted], timely served notice of intention to appeal. A proposed case and exceptions was properly served on counsel for Associates but was not served on counsel for Southland until March 30, 1977, which was two (2) days beyond the thirty (30) days provided for such service. Therefore, counsel for Southland moved to have the appeal dismissed as to Southland. The Trial Court, dismissed Mellon Bank's appeal as to that party by its Order dated May 9, 1977, from

which appeal was timely taken by Mellon Bank, contending that the dismissal was in error and that the original appeal on the issues of jurisdiction and venue should be heard by the South Carolina Supreme Court. The appeal from the February 16, 1977, and May 9, 1977, Orders of the Trial Court were heard by the Supreme Court of South Carolina, which on April 3, 1978, filed Opinion Nos. 20654 (270 S. C. 525, 244 S. E. (2d) 211) and 20655 (270 S. C. 527, 244 S. E. (2d) 212) affirming the Orders of the trial court dismissing the appeal as to Southland and sustaining the jurisdiction and venue of the Court of Common Pleas for Sumter County. Petitions for rehearing on both opinions were denied, and remittitur returned to the Trial Court on May 10, 1978.

"J. Wesley Drawdy, as counsel for Mellon Bank, prepared an answer dated April 12, 1978, which was served on counsel for Southland on April 13, 1978.

"In the interim, on April 12, 1978, the Honorable Dan F. Laney, Jr., on motion of Southland and without notice to Mellon Bank, entered an order of default against Mellon Bank and set a hearing for June 5, 1978, to ascertain damages to be assessed against the bank. By motion dated April 24, 1978, amended May 18, 1978, Mellon Bank moved the Circuit Court to set aside the order of default and allow Mellon Bank to answer or otherwise plead. An answer of Mellon Bank was also attached to its amended motion to set aside the order of default. The amended motion and the answer were served on counsel for Southland on May 18, 1978.

"By motion dated May 19, 1978, Mellon Bank moved to postpone the scheduled hearing on damages and for permission to conduct discovery as to damages.

"At the call of the case, on June 5, 1978, the Court heard arguments on Mellon Bank's motion to set aside the order of default. The grounds argued in support of this motion were: (a) the answer of Mellon Bank was timely; (b) the

Circuit Court was without jurisdiction at the time of plaintiff's petition for an order of default and the Court's order; (c) Mellon had no notice of plaintiff's petition for an order of default and there was, thus, no hearing thereon; and (d) in the alternative, the default judgment should be set aside because of inadvertence, surprise, misunderstanding and excusable neglect on the part of Mellon Bank's then counsel, J. Wesley Drawdy, in not serving an answer when meritorious defenses existed. Thereafter the Court heard Mellon Bank's motion to postpone the hearing on damages to permit discovery on that issue. The reasons given for this motion were (a) no discovery had been conducted in this case except as to the jurisdictional issue and; (b) time for discovery was necessary in order to adequately prepare and represent the Bank's interest.

"The Court denied the motion of Mellon Bank to postpone the hearing on damages and took under advisement the motion to set aside the order of default. Thereafter a hearing was conducted on the question of damages, at the close of which the motion to postpone the damages hearing and allow additional time for discovery was renewed.

"Appeal has been timely taken from the Order of the circuit court dated July 26, 1978, denying appellant's motions and entering judgment against Mellon Bank by the service and filing of a Motion of Intention to Appeal on August 4, 1978."

We reverse the order appealed from and direct that the case proceed to trial on its merits in the usual fashion, after answer.

Section 15-13-380, *Code of Laws of South Carolina* (1976) provides:

"Reliance on jurisdictional objection; effect of subsequent pleading.

"When in any case or proceeding before any court or other tribunal any party shall appear for the sole purpose of ob-

jecting to the jurisdiction of such court or tribunal and such court or tribunal shall, upon such objection being made, overrule the objection, such party may give notice, either to the court or tribunal or to the opposing party, that he intends to rely on such jurisdictional objection or reserve his rights thereunder. Upon the overruling of such objection to the jurisdiction and the giving of such notice such party may thereafter appear generally or answer or plead or contest upon the merits, and such general appearance, answer, pleading or contest upon the merits shall not be deemed a waiver of the objection to the jurisdiction."

It is clearly the intent of the statute to permit a defendant who contests jurisdiction to pursue the matter to a finality before an answer or demurrer is required. The jurisdiction issue was alive and in contest until the remittitur was sent to the Sumter County Clerk of Court. The answer was on counsel for Southland on May 18, 1978, which was within 10 days of this court's denial of Mellon Bank's petition for rehearing. We hold that Mellon Bank's time for answering did not commence to run as of the date the appellant should have served its case and exceptions, nor from the date of the circuit court order dismissing the appeal. After the notice of intention to appeal was served, the 20 days for answering did not commence to run until the question of jurisdiction was finally determined. It was this court that made that final determination.

Having held that Mellon Bank is entitled to answer, it follows that the other issues raised on this appeal are moot. Whether special damages have been properly pled in the complaint is an issue with which the lower court may deal. Mellon Bank shall have twenty days after remittitur in which to plead or proceed otherwise as permitted by § 15-13-380, *supra.*

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.