**Robert GRAVES and Graves Construction Company, Plaintiffs,**

v.

**C & S NATIONAL BANK OF GEORGIA, Defendant.**

**Civ. A. No. 78–1632–6.**

United States District Court,
D. South Carolina,
Charleston Division.

May 9, 1980.

John J. McKay, Jr., Hilton Head Island, S. C., for plaintiffs.

John W. Minor, Jr., Adams, Adams, Brennan & Gardner, Hilton Head Island, S. C., for defendant.

## ORDER ON PETITION TO AMEND ORDER

HEMPHILL, District Judge.

This matter is before the court on the Petition to Amend Order of Robert Graves

and Graves Construction Company, Plaintiffs in the above referenced action. Plaintiffs seek to have the Order of this United States District Judge, dated February 18, 1980, amended so as to include the statement prescribed by 28 U.S.C. § 1292(b)[1] so that Petitioner may file its Petition in the United States Court of Appeals. For the reasons discussed below, this court denies Plaintiffs' Petition to Amend Order.

Petitioner requests that the Judge, in this case, amend his order to include therein his opinion that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" as required by 28 U.S.C. § 1292(b) such that this Interlocutory order might be immediately appealable. Petitioner's request is based on his belief that a substantial ground for difference of opinion as to the law exists. It was the opinion of this Court in its prior order that venue in South Carolina was improper under 12 U.S.C. § 94[2].

Petitioner cites *Southland Mobile Homes of South Carolina, Inc. v. Associates Financial Service Company, Inc.*, 270 S.C. 527, 244 S.E.2d 212 (1978) as the basis for his opinion that there exists grounds for venue in South Carolina. In regard to this, Petitioner seeks further opportunity to engage in discovery in order to meet the criteria for venue established in the *Southland* case so as to lay the basis for venue in Charleston, District Court.

Petitioner's motion primarily relies on their contention that the reasoning in the *Southland* case could be applied to the facts of this case in order to establish venue in South Carolina. The *Southland* case upon which the Plaintiff relies involved a liberal interpretation of the term "located" as used in the *national bank* venue statute 12 U.S.C. § 94. The United States Supreme Court had previously decided that a bank was "located" within the meaning of 12 U.S.C. § 94 not only where the bank was chartered, but also where it maintained an authorized branch. *Citizens and Southern National Bank v. Bougas*, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977). The court in *Southland* elaborated on the meaning of an authorized branch. It was decided in *Southland* that the Mellon Bank conducted "branch banking" in South Carolina and that it was therefore "located" there for purposes of the venue statute. That decision was based upon the finding that Mellon Bank had received checks, loaned money and conducted all other business necessary for the receipt and disbursement of funds through the office of an authorized agent, Associates Financial Services Company, Inc., in Sumter County of South Carolina. These transactions were conducted pursuant to the explicit directions of the Mellon Bank. Plaintiff, in this case, however, neither contends that an authorized branch of C & S is maintained in South Carolina as required in the *Bougas* case, *supra*, nor does he contend that C & S has operated through an agent conducting business pursuant to the explicit instructions of C & S as were the facts in the *Southland* case, *supra*. The facts before the court, in this case, simply could not justify the application or extension of the rationale of the *Southland* case

1. 28 U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such Order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such Order, if application is made to it within ten days after the entry of the Order: PROVIDED, HOW-EVER, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

2. 12 U.S.C. § 94 states:

Actions and proceedings against any association under this chapter may be had in any District or Territorial Court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which that association is located having jurisdiction in similar cases.

to make a finding of venue in South Carolina. Therefore, this court, in its prior opinion, found that venue was improper under 12 U.S.C. § 94, and entered an Order transferring the action to the Southern District of Georgia, pursuant to the provisions of 28 U.S.C. § 1406(a).[3]

Petitioner, in his request for certification, contends that if he is given further opportunity to conduct discovery that he could find facts sufficient to lay venue in the District Court of South Carolina. Petitioner does not appear to contest the validity of the *Southland* case nor the interpretation of that case by this or other courts. Rather, Petitioner seems to rely upon an insufficiency of facts or a question as to the facts upon which the law was applied. One basis for deciding that an Order should be certified for an appeal is that the case involve a question of law as to which there was substantial ground for difference of opinion. Petitioner's argument focuses on a difference of opinion or question as to the facts rather than a question of law as required by the expressed language of the statute. However, "one consideration to be weighed in deciding whether to certify a question for an immediate appeal is whether the factual background of the case is sufficiently settled to sharply define the legal issues raised." 9 Moore's Federal Practice ¶ 110.-22[2] at 261 (2d ed. 1975); *Dewitt v. American Stock Transfer Co.* 440 F.Supp. 1084, 1088 (S.D.N.Y.1977). This does not benefit the Petitioners, however, in that this case does not seem to provide the settled factual background necessary to sharply define the legal issues to make this appeal appropriate. In addition, this case does not appear to involve an issue of generalized significance which might allow this court to give it further consideration for appeal as suggested in the *Dewitt* case, *supra.*

Even if assuming arguendo, the factual background was sharply defined and Petitioner had made the showing that this case involved a "question of law as to which

there was substantial ground for difference of opinion", the question involved would not constitute a 'controlling question of law'. A controlling question of law is not equivalent to a question of law that is determinative of the case at hand alone. Rather, "such a question is deemed controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases". In *Brown v. Bullock,* 294 F.2d 415, 417 (2d Cir. 1961); *Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515, 525 (S.D.N.Y.1973). This Petition is based on the question of the correctness of the decision of this court's finding that venue was improper under 12 U.S.C. § 94 in South Carolina, and thereby transferring the case to Georgia pursuant to 28 U.S.C. § 1406(a).

That question is deficient as a 'controlling question', in this case, in at least two aspects. First, the decision as to whether venue is proper and transfer appropriate is not determinative of the present case. It does set venue in Georgia but, a decision for or against transfer does not end the litigation or otherwise determine the rights of the parties as a trial would still be required at some later date. Secondly, the question in this case does not appear to be one that would "contribute to the determination, at an early stage, of a wide spectrum of cases" as required in the *Brown* case, *supra.* Rather, it appears that an immediate appeal would result in postponing this trial and increase the time and costs of litigation. Petitioner has not come forward with anything in support of his petition that suggests that certification might save the court time and expense.

In addition, it does not appear that the determination of this question would result in the avoidance of a lengthy trial and act as a good precedent to avoid such unnecessary lengthy trials as found in the following cases: *Atlantic City Electric Co. v. General Electric Co.,* 337 F.2d 844 (2d Cir., 1964); *Sperry Rand Corp. v. Bell Telephone Laboratories, Inc.,* 272 F.2d 29 (2d Cir. 1959);

---

**3.** 28 U.S.C. § 1406(a) reads:

(a) The district court of a district in which is filed a case laying venue in the wrong division

or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Ratner v. Chemical Bank New York Trust Co.*, 309 F.Supp. 983 (S.D.N.Y.1970). In consideration of these factors, the question involved in this case does not appear to be a 'controlling question' as required by the statute.

Consideration must also be given to the policy and legislative history of 28 U.S.C. § 1292. The legislative history of sub-section (b) of section 1292, which was added to the Judiciary and Judicial Procedure Title in 1958,[4] indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.[5] It was not intended merely to provide review of difficult rulings in hard cases.

This is not an extraordinary case where the decision of an interlocutory appeal might avoid protracted and expensive litigation. This case involves an action against the C & S National Bank of Georgia. The objections upon which Petitioner seeks certification relates to the preliminary matter of venue as opposed to any determinative legal issue in the case itself. As such, any determination on that matter is less likely to result in the avoidance of expensive litigation. In this case, proper venue has been set in the United States District Court for the Southern District of Georgia, Savannah Division. This does not promote the likelihood of a protracted and expensive litigation, in itself, since venue in the Savannah Division is only approximately 100 miles from the District Court of Charleston, South Carolina, where Petitioner seeks venue. Petitioner has not suggested that any practical prejudice would result if he is not given the opportunity to seek immediate appeal as was present in *Shawe v. Wendy Wilson, Inc.*, 25 F.R.D. 1, 6–7 (S.D.N.Y. 1960). Therefore, this case is not one which would promote the policies indicated by the legislative history of 28 U.S.C. § 1292.

Generally, it has been held that an action under 28 U.S.C. § 1406 is interlocutory in nature and as such nonappealable. *Stelly v. Employers National Insurance Co.*, 431 F.2d 1251, 1252 (5th Cir. 1970), cert. denied, 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971). 9 J. Moore, Federal Practice ¶ 110.12[6], at 173 (2nd ed.1970). These decisions are consistent with the federal policies in support of finality of decisions and against piecemeal appeals. See *Switzerland Cheese Assoc., Inc. v. E. Hornes' Market, Inc.*, 385 U.S. 23, 24–25, 87 S.Ct. 193, 194–195, 17 L.Ed.2d 23 (1966); *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). However, 28 U.S.C. § 1292 makes every interlocutory order potentially appealable if the requirements of that statute exist. See, *Arkansas Best Freight System, Inc. v. Youngblood*, 359 F.Supp. 1125 (W.D.Ark.1973). It is the finding of this court that the requirements of that statute do not exist. Even if the criteria specified by the statute was present, certification would not be mandatory and permission to appeal would be within the discretion of the court. *Bachowski v. Usery*, 545 F.2d 363 (7th Cir., 1976). The legislative history, as previously stated, suggests that appeal is to be used only in extraordinary cases where decision might avoid protracted and expensive litigation, not merely to provide review of difficult rulings in hard cases. This matter does not fall within that category of extraordinary

---

4. Subsection (b) was added to section 1292 under Public Law 85–919, 72 Stat. 1770 (1958).

5. The report of the Committee on Appeals from Interlocutory Orders of the District Courts, submitted to the Judicial Conference of the United States under date of September 23, 1953, stated:

Your Committee is of the view that the appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in anti-trust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided * * * It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate. This report is made a part of the Senate Report on the bill providing for Section 1292(b). S.Rep. No. 2434, 85th Cong.2d Sess., 1958 U.S. Code Cong. & Ad.News, pp. 5255, 5260.

cases which the legislative history designates as appropriate for certification. As stated in *United States ex rel. Hollander v. Clay*, 420 F.Supp. 853 (D.D.C.1976), "Certification under 28 U.S.C.S. § 1292 is far from the normal procedure since the federal scheme in general evidences policy against piecemeal appeals". Therefore, in consideration of the previously stated reasons in this order as well as the federal policy against piecemeal appeals and in the absence of the criteria specified by 28 U.S.C. § 1292, it is the finding of this court that no controlling question of law as to which there is a substantial ground for difference of opinion exists in this case and an immediate appeal would not materially advance the ultimate termination of the litigation. In accordance with this finding, the request by Petitioner to amend the order for purposes of certification under 28 U.S.C. § 1292 is denied.

AND IT IS SO ORDERED.