### 22401

Hollis M. HAMMOND, Respondent, v. CUMMINS ENGINE COMPANY, INC.; Cummins Carolinas, Inc.; Mariner Services, Inc.; #1 Boat Mfg., Inc.; Thomas B. Palmer; and Cummins Florida, Inc., Defendants, of whom Cummins Florida, Inc. is Appellant. Appeal of CUMMINS FLORIDA, INC.

(336 S. E. (2d) 867)

Supreme Court

*O. Terry Beverly*, of *Green, Sasser & Beverly*, Conway, *for appellant.*

*John E. Batten, III*, Surfside Beach, *for respondent.*

Heard Oct. 8, 1985.

Decided Nov. 6, 1985.

FINNEY, Justice:

Appellant, Cummins Florida, Inc., (Cummins Florida) along with five other defendants, was sued by the respondent, Hollis M. Hammond (Hammond), who was seeking to recover under three causes of action; the gravamen of the complaint being the failure of a motor to live up to its warranties. Prior to the matter being submitted to the jury, all defendants except Cummins Florida were removed from the action. Cummins Florida filed a Notice of Special Appearance to contest jurisdiction of the South Carolina court and, likewise, filed a demurrer alleging misjoinder of the causes of actions. Cummins Florida has appealed to this court from the trial court's denial of the defendant's special appearance, refusal to grant defendant's demurrer and other trial errors. We affirm.

In 1980 while he was in Florida, Hammond, a citizen and resident of South Carolina, purchased a boat from #1 Boat Manufacturers. This boat, "Last Chance," contained an engine which had been rebuilt by Cummins Florida at their Florida facilities and sold in Florida to #1 Boat Manufacturers. After Hammond returned to South Carolina and began using "Last Chance" in his commercial fishing business, he experienced problems with its engine. The initial problems were resolved under the warranty of Cummins Florida by work which was performed by Cummins Carolinas in De-

cember of 1980. According to the testimony of Cummins Florida employees, they instructed Cummins Carolinas to repair the engine and issued a purchase order to that effect. Cummins Carolinas is a corporation doing business in North Carolina and South Carolina and is a franchise distributor for Cummins Engine Company, Inc., as is Cummins Florida. According to the testimony, all Cummins distributors have a reciprocal warranty agreement to make repairs for customers of other Cummins distributors.

In January, 1981, Hammond experienced additional problems, which resulted in the engine being removed from the hull and sent to Cummins Carolinas' facilities in Charleston for a complete inspection. Mr. Cooley, of Cummins Carolinas, and Mr. Coombs, Regional Representative for Cummins Engine Company, Inc., both testified that they examined the engine at Cummins Florida's request and determined that the damage to the engine had been caused by customer misuse. They each stated that they were of the opinion that the damage was not covered by warranty, but that Cummins Florida made the final decision to disallow the claim. It was this decision that led to the institution of this action. At trial, the jury returned a general verdict against Cummins Florida in the amount of Forty-five Thousand ($45,000.00) Dollars on Hammond's first cause of action for breach of implied and express warranty.

## JURISDICTION

Prior to trial, the circuit court judge denied Cummins Florida's special appearance to contest jurisdiction. Appeal from that order was stayed by this court on September 15, 1983, pending a trial on the merits.

It is Cummins Florida's contention that it does not have sufficient minimum contacts with the state of South Carolina to allow our courts to exercise *in personam* jurisdiction over it. The lower court disagreed, finding that this dispute was properly before the court. South Carolina's exercise of jurisdiction over a non-resident defendant is controlled by the provisions of Section 36-2-803, South Carolina Code (1976). This section is known as South Carolina's "long-arm statute" and reads, in part, as follows:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
(a) transacting any business in this state;
(b) contracting to supply services or things in the state;

\* \* \*

(g) entry into a contract to be performed in whole or in part by either party in this state; or
(h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this state and are so used or consumed.

Our state has extended jurisdiction to the furthest limits permissible under the statute, *Triplett v. R. M. Wade And Co.*, 261 S. C. 419, 200 S. E. (2d) 375 (1973). However, the exercise of jurisdiction over a non-resident defendant must not violate the standards of fair play and substantial justice required for due process under *International Shoe Co., v. State of Washington*, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). In *Parker v. Williams And Madjanik, Inc.*, 270 S. C. 570, 243 S. E. (2d) 451 (1980), this court recognized that a state may exercise *in personam* jurisdiction over a non-resident defendant on the basis of a single transaction as long as the maintenance of the action does not offend the requirements of the *International Shoe* test. *Parker* enumerated the following three factors which may be taken into consideration in determining minimum contacts:

(1) the duration of the non-resident's activity in the state,
(2) the character and circumstances of the commission of the non-resident's acts; and
(3) the inconvenience of the parties in conferring or refusing to confer jurisdiction over the non-resident.

In the present case, there is evidence that from December, 1980, through January, 1981, Cummins Florida communicated with Cummins Carolinas and gave them instructions with respect to warranty coverage, inspection, and repair of

this engine. Furthermore, in reliance upon information relayed to them by representatives of Cummins Carolinas and Cummins Engine Company, Inc., Cummins Florida made the decision that the additional repairs were not covered by their warranty. There is ample evidence in the record of an agency relationship between Cummins Florida and Cummins Carolinas which, in this court's opinion, gives Cummins Florida sufficient contacts in South Carolina to subject it to this court's jurisdiction.

This court is bound by the circuit court's finding that a non-resident defendant is subject to its jurisdiction absent a determination that the circuit court ruling is without evidentiary support or controlled by an error of law, *C. B. Askins v. Firedoor Corp. of Florida*, 281 S. C. 611, 316 S. E. (2d) 713 (1984); *Engineering Products v. Cleveland Crane And Engineering*, 262 S. C. 1, 201 S. E. (2d) 921 (1974). Since Cummins Florida supplied services in this state through their agent for this transaction, Cummins Carolinas, the requirement of minimum contacts under the due process clause has been met. The order of the trial judge which held that the court had personal jurisdiction over Cummins Florida is hereby affirmed.

## DEMURRER

Cummins Florida demurred to Hammond's amended complaint on the grounds that the first and second causes of action were improperly joined with the third. The Demurrer was denied by the lower court on the grounds that it was untimely filed. The circuit judge found that appeal from a Notice of Special Appearance did not stay the time for answering or otherwise pleading. It is clear that the Demurrer was timely under the authority of *Southland Mobile Homes of S. C. v. Associate Financial Service*, 274 S. C. 488, 265 S. E. (2d) 258 (1980). A review of the record, however, reveals that the Demurrer was without merit and was properly dismissed by the trial judge.

## TRIAL ERRORS

By its exceptions, Cummins Florida also alleges that the trial judge erred in failing to find that the warranty upon the engine contained a disclaimer of the implied warranties of merchantability and fitness for a

particular purpose. Cummins Florida also alleges in framing that issue that special, consequential or incidental damages should not have been submitted to the jury. There was conflicting testimony as to the terms or existence of an oral or written warranty agreement between Cummins Florida and Hammond which clearly created a question of fact properly submitted to the jury. *Jones v. Broome*, 277 S. C. 295, 286 S. E. (2d) 664 (1982).

Cummins Florida's exceptions to the trial judge's refusal to grant an involuntary nonsuit, to the admission of expert testimony, to the admission of testimony as to lost profits, as well as to the introduction of certain exhibits are without merit and are affirmed under Rule 23.

The Orders of the trial court are, accordingly, affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.