**FIRST UNION CORPORATION**
and First Union National
Bank, Plaintiffs,

v.

**AMERICAN CASUALTY COMPANY
OF READING, PA, Defendant.**

No. 3:00CV538–V.

United States District Court, W.D. North
Carolina, Charlotte Division.

Jan. 10, 2001.

Robert J. Morris, Mark A. Ash, Smith, Anderson, Blunt, Dorsett, Mitchell & Jernigan, Raleigh, NC, for plaintiffs.

Kenneth H. Boyer, Jones, Hewson & Woolard, Charlotte, NC, Daniel J. Standish, Leslie A. Platt, Jodi L. Feldman, Wiley Rein & Fielding, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

HORN, Chief United States Magistrate Judge.

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Remand" (document # 8) and "Memorandum ... in Support ..." (document # 9), both filed December 6, 2000, and the Defendant's "Opposition ..." (document # 15) filed December 27, 2000. The Plaintiff's "Reply Memorandum ..." (document # 16) was filed January 5, 2001.

This motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will *grant* the Plaintiffs' motion and *remand* the matter to state court.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

This is a contract action seeking damages in excess of $8.5 million for breach of an insurance policy. The Plaintiff First Union Corporation ("FUC") is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. Plaintiff First Union National Bank ("FUNB"), a subsidiary of FUC, is a federally chartered national bank with its principal place of business in Charlotte, North Carolina, but also operating branch offices in Pennsylvania. The Defendant, American Casualty Company of Reading, Pa. ("American Casualty"), is a Pennsylvania corporation with its principal place of business in Illinois.

On October 6, 2000, the Plaintiffs filed the instant Complaint in the Superior Court of Mecklenburg County, North Carolina. On November 6, 2000, the Defendant removed the state court action to the United States District Court for the Western District of North Carolina, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On December 6, 2000, the Plaintiffs filed a Motion to Remand, alleging a lack of complete diversity between the Plaintiffs and the Defendant, which has been fully briefed as set forth above and is now ripe for determination.

## II. *DISCUSSION*

A case falls within a federal district court's diversity jurisdiction only if the amount in issue exceeds $75,000.00 *and* diversity of citizenship among the parties is complete—that is, only if no plaintiff and defendant are citizens of the same State.

*See, e.g.,* 28 U.S.C. § 1332 (2000); *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *and Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin,* 524 U.S. at 389, 118 S.Ct. 2047 (internal citations omitted). *Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Therefore, this Court may exercise diversity jurisdiction in this matter *only* if American Casualty's citizenship is diverse from both FUC and FUNB. The citizenship of American Casualty and FUC are clear and undisputed, that is—FUC is a citizen of North Carolina and American Casualty is a citizen of both Pennsylvania and Illinois. *See* 28 U.S.C. § 1332(c)(1) (2000) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Athena Automotive, Inc. v. DiGregorio,* 166 F.3d 288, 290 (1999) (a corporation has its principal place of business at the "nerve center" and/or "place of" its operations); *and Peterson v. Cooley,* 142 F.3d 181, 184 (4th Cir.1998).

Further, it is also undisputed that because its principal place of business is in North Carolina, FUNB is a North Carolina citizen. *See* 28 U.S.C. § 1348.

The single question presented in this instant motion is whether, by virtue of operating branch offices in Pennsylvania, the federally chartered FUNB is also a

citizen of Pennsylvania and therefore non-diverse from American Casualty. More exactly, the issue is whether a federally chartered bank is "located" only in the state where it is "established" as those terms are used in 28 U.S.C. § 1348 which provides:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association *established* in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter. *All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.*

(Emphasis added).

■ Unlike a corporation, which is a citizen of the state issuing its charter *as well as* the state where it maintains its principal place of business, a federally chartered bank is "established" only where it maintains its principal place of business. *Citizens & Southern Nat'l Bank v. Bougas*, 434 U.S. 35, 44, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977) (determining proper venue, pursuant to 12 U.S.C. § 94, for suits against federally chartered banks).

In *Bougas*, the Supreme Court further ruled that, for venue purposes, "established" and "located" have separate and distinct meanings, that is—while a federally chartered bank is "established" only in the state where it maintains its principal place of business, it is also "located" in any state where it maintains a branch office. *Id.* at 44, 98 S.Ct. 88. Although jurisdiction was not at issue in *Bougas*, the Court did note that 28 U.S.C. § 1348 contains "established" regarding suits brought by the United States against a federally chartered bank, but utilized "located" to define a federally chartered bank's citizenship for diversity purposes.[1] *Id.* at 36, n. 1, 98 S.Ct. 88.

■ Although there is no authority from any Federal Circuit on point,[2] a majority of district courts have followed the Supreme Court's reasoning in *Bougas* and concluded that a federally chartered bank is "located" in any state where it maintains a branch office and is therefore a citizen of that state for diversity purposes. *Accord Firstar Bank, N.A. v. Faul*, 2000 WL 1724669, *2 (N.D.Ill. Oct 23, 2000) (following "majority view" that national bank is citizen of any state where it maintains a branch office); *Roozenboom v. U.S. Bank*, 2000 WL 249403, 3 (D.Or. Feb 22, 2000) ("[r]ecently, the trend of the federal courts has been to find that a national banking association is a citizen in each state in which it maintains branch offices"); *Frontier Ins. Co. v. MTN Owner Trust*, 111 F.Supp.2d 376, 379 (S.D.N.Y.2000) ("numerous district courts have interpreted section 1348 to mean that a national banking association is located in every state in which it maintains a branch bank");

---

1. Interestingly, although Congress has since removed "located" from the venue statute—12 U.S.C. § 94—no such amendment was made to 28 U.S.C. § 1348. *See* 12 U.S.C. § 94 (2000).

2. In *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 256 (7th Cir.1998), the court decided a case in which one of the plaintiffs was originally thought to be a national banking association with a branch in the same state as defendant. It later became clear the plaintiff did not have a branch in the defendant's state, but the court appeared to agree with the majority district court view, noting that the plaintiffs—who were arguing in favor of federal jurisdiction—had "dodged a bullet." *Id.*

*Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 354–55 (S.D.N.Y.1998) (for jurisdictional purposes, national banking association is located in, and therefore a citizen of, every state in which it maintains branch banks); *Ferraiolo Const., Inc. v. Keybank*, 978 F.Supp. 23, 25 (D.Me.1997) (pursuant to 28 U.S.C. § 1348, national banking association is "located" in every state in which it maintains branch banks, in addition to state of association's principal place of business, for purposes of determining diversity jurisdiction); *Norwest Bank Minnesota, N.A. v. Patton*, 924 F.Supp. 114, 115 (D.Colo.1996) (for purposes of determining existence of diversity jurisdiction, national banking association is located in, and therefore a citizen of, every state in which in maintains substantial presence, such as branch banks); *and Connecticut Nat. Bank v. Iacono*, 785 F.Supp. 30, 33–34 (D.R.I.1992) (national banking association with branch offices in Rhode Island was to be regarded as citizen of Rhode Island for jurisdictional purposes, although association's principal place of business was in another state). *See also Southland Mobile Homes of South Carolina, Inc. v. Associates Financial Services Co., Inc.*, 270 S.C. 527, 244 S.E.2d 212, *cert denied*, 439 U.S. 900, 99 S.Ct. 266, 58 L.Ed.2d 248 (1978) (national banking association which has a branch bank in that county will be considered "located" there for jurisdictional purposes). *But see Financial Software Sys. v. First Union Nat'l Bank*, 84 F.Supp2d 594, 598 (E.D.Pa.1999) (Under 28 U.S.C. § 1348, "established" and "located" are synonymous, bank is a citizen only where it maintains its principal place of business, and therefore, FUNB not a citizen of Pennsylvania for diversity purposes).

While it is doubly ironic that the only minority view case—*Financial Software* —applies 28 U.S.C. § 1348 to the same state and bank as the instant case, the undersigned finds the majority's application of

*Bougas* to be compelling, particularly in light of the statute's express contemplation that a bank is "established" in only one district and state, but may be a citizen of several states. *See* 28 U.S.C. § 1348 ("citizens of the *States* in which they are respectively located") (emphasis added). 28 U.S.C. § 1348 ("citizens of the *States* in which they are respectively located") (emphasis added).

■ Further, the Defendant's contentions of issue preclusion (collateral estoppel) notwithstanding, it is well-settled that this Court is not bound by the *Financial Software* decision. When, as here, a nonparty to the earlier case seeks to use the earlier decision against a party to both cases—"non-mutual offensive collateral estoppel"—the court has broad discretion to decline to apply collateral estoppel. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *and Sales v. Grant*, 158 F.3d 768, 780–81 (4th Cir.1998). Moreover, the doctrine of collateral estoppel should not be applied to "unmixed questions of law." *United States v. Moser*, 266 U.S. 236, 242, 45 S.Ct. 66, 69 L.Ed. 262 (1924). *Accord Lutz v. International Ass'n of Machinists and Aerospace Workers*, 121 F.Supp.2d 498, 504 (E.D.Va.2000) (collateral estoppel did not apply to pure issue of law that the Fourth Circuit has never addressed).

In short, applying the majority rule that a federally chartered bank is a citizen of any state where it operates a branch office, there is not complete diversity among the Plaintiffs and the Defendant because FUNB and American Casualty are both citizens of Pennsylvania. Therefore, federal diversity jurisdiction is not proper and the Plaintiffs' Motion to Remand must and shall be granted.

### III. *ORDER*

NOW, THEREFORE, IT IS ORDERED:

1. The Plaintiffs' "Motion to Remand" (document #8) is **GRANTED,** and this matter is **REMANDED** to the Superior Court of Mecklenburg County, North Carolina.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; to the Clerk of Superior Court of Mecklenburg County; *and to the Honorable Richard L. Voorhees.*