COBB, Chief Justice
(dissenting).
I respectfully dissent. Although this Court reviews the instant petition for a writ of mandamus under the long-settled “clear legal right” standard of review for such petitions, see, e.g., Ex parte Buflcin, 936 So.2d 1042, 1044-45 (Ala.2006), I believe that it is appropriate to review the trial court’s findings of fact that are implicit in its judgment on a party’s motion to dismiss for lack of personal jurisdiction under the same standard this Court uses when it reviews a trial court’s ruling on a motion for a summary judgment, i.e., that we review any evidence in a light most favorable to the nonmovant. Jerkins v. Lincoln Elec. Co., [Ms. 1091533, June 30, 2011] — So.3d-(Ala.2011); Nationwide Mut. Ins. Co. v. J-Mar Mach. & Pump, Inc., 73 So.3d 1248 (Ala.2011). It follows that it is appropriate in reviewing this petition to infer that No. 1 Steel Products, Inc., initiated the contact that led to the contract in dispute in light of the fact that the materials submitted with the petition contain the affidavit of Arthur Pimen-tal, the president and general manager of *813 No. 1 Steel, who testified that No. 1 Steel sent e-mails to various businesses through a Web site and that Garrison Steel Fabricators, Inc., was one of the businesses that responded to those e-mails.[1] Further, it is undisputed that No. 1 Steel solicited the instant contract from Garrison with a purchase order seeking approximately $124,000 worth of specially fabricated steel, that the fabrication took place in Alabama at Garrison’s plant, and that No. 1 Steel actively participated in the fabrication by instructional e-mails and telephone communications.[2]
The cases relied upon by the majority, e.g., Steel Processors, Inc. v. Sue’s Pumps, Inc. Rentals, 622 So.2d 910, 918 (Ala.1993), resolve to a single point — that because the transaction between Garrison and No. 1 Steel was a “single,” one-time transaction, it does not afford sufficient “minimum contacts” to vest the courts of this State with in personam jurisdiction. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Although this case represents a single transaction, it differs from Steel Processors on a number of significant points. First, unlike the instant case, there was no question of fact in Steel Processors as to who initiated the contact: it was the Alabama corporation. Second, although the opinion in Steel Processors speaks of “fabrication” of pumps by the Alabama corporation, it is inferable that this “fabrication” involved the manufacture of pumps the Alabama corporation made in the ordinary course of its business, i.e., “off-the-shelf’ products.[3] Thus, the fabrication in Steel Processors was not the same as the fabrication in the instant case, where Garrison followed No. 1 Steel’s specifications to create a large and complex steel construction that was a unique, one-of-a-kind product. And third, unlike Steel Processors, where the Alabama corporation fabricated the materials in Alabama but then completed the work in Florida, in this case all the work by Garrison was performed in Alabama.
Under these circumstances, I conclude that No. 1 Steel should have reasonably anticipated being haled into an Alabama court in the event that it accepted the fabricated-steel project and then refused to make full payment. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); and Ex parte DBI, Inc., 23 So.3d 635 (Ala.2009). Given that this was a large transaction that involved many thousands of dollars and entailed significant work being performed in Alabama with the active participation of No. 1 Steel in the fabrication process, I would hold that the size and *814 quality of this single transaction are sufficient to establish the requisite “minimum contacts” to establish this State’s jurisdiction. I would reject the idea that the fact that this is a single transaction is in itself sufficient to defeat this State’s jurisdiction, and I note that many other American jurisdictions also reject any such simplistic formula for establishing jurisdiction.
“The United States Supreme Court has rejected any ‘talismanic jurisdictional formula’ to determine the requisite minimum contact. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485-86, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Subjecting a defendant to in personam jurisdiction based on a single, isolated transaction by the nonresident defendant does not necessarily offend due process. Lacy v. Force V Corporation, 403 So.2d 1050, 1054 (Fla. 1st DCA 1981); see also Godfrey v. Neumann, 373 So.2d 920 (Fla.1979).”
Acquadro v. Bergeron, 851 So.2d 665, 677 (Fla.2003)(Wells, J., dissenting) (Florida courts had in personam jurisdiction over plaintiffs defamation action against nonresident relatives of her male companion). See also Allerion, Inc. v. Nueva Icacos, S.A. de C.V., 283 Ill.App.3d 40, 669 N.E.2d 1158, 218 Ill.Dec. 632 (1996); Maglio & Kendro, Inc. v. Superior Enerquip Corp., 233 N.J.Super. 388, 558 A.2d 1371 (1989) (single transaction consisting of purchase of computer equipment was sufficient minimum contact to support jurisdiction); Hammond v. Cummins Engine Co., 287 S.C. 200, 336 S.E.2d 867 (1985) (purchase of boat engine by South Carolina buyer created sufficient contacts with out-of-state engine manufacturer to establish jurisdiction in South Carolina); and Nicholstone Book Bindery, Inc. v. Chelsea House Publishers, 621 S.W.2d 560 (Tenn.1981) (bookbinding work by Tennessee book-binding company in single transaction for a New York publishing house established jurisdiction in Tennessee), all cases holding a single transaction sufficient to invoke in per-sonam jurisdiction.
In this case Garrison advanced significant expenditures of time and materials in reliance on payment according to No. 1 Steel’s purchase order, and No. 1 Steel received the product and refused to make full payment. It is truly regrettable[4] that, under the facts of this case, Garrison may be deprived of any remedy to seek redress for No. 1 Steel’s breach, particularly because I believe that the requisite “minimum contacts” have been established. It is also regrettable that the effect of this decision will likely diminish the willingness of businesses in this State to contract with businesses from other jurisdictions on a good-faith basis. Accordingly, I respectfully dissent.

. After Pimental’s affidavit was filed, and presumably when its lawyers realized that a factor in determining personal jurisdiction in Alabama was which company had initiated the business contact, No. 1 Steel presented affidavits from a terminated Garrison employee, David Malone, suggesting that Malone had received information from a former employer that No. 1 Steel was seeking work from a Georgia steel corporation and that Garrison subsequently contacted No. 1 Steel with a proposal.

. At the oral argument on this case held on June 28, 2011, it became apparent that the factual inferences regarding No. 1 Steel’s communications with Garrison and instructions regarding the fabrication process could have been much more extensively documented by Garrison in its attempt to rebut No. 1 Steel’s claims. Had the extent of the parties' business dealings been more fully incorporated into the materials made available to the Court with this petition, this dissent might have been unnecessary.

.The opinion in Steel Processors states only: "Steel Processors fabricated materials in Mobile County for the job, shipped the materials to the job site in Florida, and provided labor and equipment at the job site during the repair work on the barge.” 622 So.2d at 911.

. Even though I disagree with the majority’s decision to issue this writ to the trial court in this case, I acknowledge that the majority’s opinion has significant support. It is unfortunate that many of the factual points that were presented at the oral argument of this case, e.g., that the fabricated material from Garrison comprised nine tractor-trailer loads for shipment to No. 1 Steel, were not included as part of the materials before this Court. Had they been, the trial court’s decision finding jurisdiction would have been more strongly supported. It is well settled, however, that this Court’s review is limited to the facts in the materials submitted to it. Moody v. State ex rel. Payne, 295 Ala. 299, 329 So.2d 73 (1976); Bateh v. Brown, 289 Ala. 699, 271 So.2d 833 (1972).