**Laurence F. DeWITT, Plaintiff,**

v.

**AMERICAN STOCK TRANSFER COMPANY, Michael Karfunkel and George Karfunkel, doing business as partners of American Stock Transfer Company, and Alrac Corporation, Defendants.**

**No. 76 Civ. 4126 (GLG).**

United States District Court, S. D. New York.

Nov. 4, 1977.

---

Butzel & Kass, New York City, for plaintiff by Stephen L. Kass, New York City, of counsel.

Snow & Becker, New York City, for defendants, American Stock Transfer Co. and Karfunkel by Charles Snow, New York City, of counsel.

Carro, Spanbock, Londin, Rodman & Fass, New York City, for defendant, Alrac Corp. by Reginald Leo Duff, New York City, of counsel.

## OPINION

GOETTEL, District Judge.

Defendant, Alrac Corp. ("Alrac"),[1] moves pursuant to Rule 9(m) of the General Rules of this Court to reargue the denial of its Fed.R.Civ.P. 12(b)(2)[2] motion to dismiss plaintiff DeWitt's complaint. Alternatively, defendant requests that the Court certify the questions raised for an interlocutory appeal under 28 U.S.C. § 1292(b).

The theory of plaintiff's damage action is that defendant, American Stock Transfer Co. ("A.S.T."), Alrac's New York stock transfer agent, acted unreasonably in refusing to transfer shares of Alrac into plaintiff's name unless A.S.T. added a restrictive legend to the certificate or received a letter from counsel vouching for the legality of the transfer. The shares represented approximately 13% of Alrac's outstanding stock and were incorporated into a single certificate. DeWitt's seller, Athena Communications Corp. ("Athena"), is not a party to this action. The original opinion of this Court was issued on June 20, 1977. 433 F.Supp. 994 (S.D.N.Y.1977). The facts underlying this action are set out at some length in the original opinion and will not be repeated here.

The original opinion refused to dismiss the case against defendant Alrac for lack of *in personam* jurisdiction. Plaintiff was held to have stated a claim for wrongful refusal to transfer the stock. Since matters outside the pleadings were submitted in support of the Fed.R.Civ.P. 12(b)(6) ground, the motion was appropriate for treatment as one for summary judgment. It was held, however, that the reasonableness of defendant's conduct in refusing to transfer the shares without restrictions on resale presented a genuine issue of material fact which precluded judgment for the defendants. Distinct from the issue of the reasonableness of their conduct was their potential liability under the applicable state provision of the Uniform Commercial Code, Section 8–204, as construed by the Tenth Circuit in *Edina State Bank v. Mr. Steak, Inc.,* 487 F.2d 640 (10th Cir.), cert. denied, 419 U.S. 883, 95 S.Ct. 150, 42 L.Ed.2d 123 (1974). The rationale of that case and its application to this one will be explored later.

Defendant Alrac raises two claimed errors in the former opinion, characterizing them as one of law and one of fact. The claimed legal error stems from equating an "investment representation" contained in a Schedule 13D filed pursuant to the Williams Act provision, 15 U.S.C. § 78m(d), with an "investment representation" under the Securities Act of 1933. The representations are made for different purposes. The former involves a denial that the securities were obtained for the purpose of acquiring control. The latter involves a disclaimer that the purchase was made "with a view to distribution" of the securities so as to avoid the need for registration of the transfer under Section 5 of the 1933 Act, 15 U.S.C. § 77e. The acceptance of this distinction should resolve any ambiguities in the for-

---

1. Alrac's co-defendant, American Stock Transfer Co., filed a "notice of joinder in motion for reargument or certification" after the deadline set by the Court for the making of this motion. Since this opinion will apply with equal force to both defendants, the Court does not regard A.S.T.'s lapse on this point to have any significant effect.

2. Alrac appears to wish to limit the grounds upon which it reargues to its challenge to this court's *in personam* jurisdiction. The original motion, however, also sought dismissal for failure to state a claim upon which relief can be granted or for summary judgment and, in fact, many of defendant's arguments on reargument relate to these grounds.

mer opinion's treatment of the significance of Athena's "investment representation" contained in its Schedule 13D filing.

■ Defendant's second claim of error—characterized as one of fact—involves what defendant would describe as this Court's "implied holding" that Athena's certificate should have been legended. The prior decision recognized the difference between restrictions on the sale of securities and the need for legending. Restrictions on the sale of securities under the Securities Act of 1933 arise by operation of law, often without affording the issuer or his transfer agent an opportunity to legend the shares. Legending is simply a device through which an issuer or its transfer agent can inhibit the free transferability of securities known in advance to have restrictions on resale. While recent rules promulgated by the Securities and Exchange Commission encourage legending as a prophylactic device (see, e. g., Rule 146(h)(2); Rule 147(f)(1)(i)), the Securities Act of 1933 does not by its terms require it.

■ One case, *Edina State Bank v. Mr. Steak, Inc., supra,* interpreting Section 8–204[3] of the Uniform Commercial Code, did impose liability for failure to note restrictions on resale arising by operation of the Securities Act of 1933 on the face of the security. Discussed more fully in the former opinion, that case held that restrictions on resale of shares received in a private offering from the issuer were restrictions "imposed by the issuer" as that phrase is used in Section 8–204.

On reconsideration, it would appear that the rationale of *Edina State Bank* should not be extended to the circumstances presented here.[4] Research has disclosed no other case equating restrictions "imposed by the issuer" with restrictions arising from

the federal securities acts. For this reason, it would appear unwise to extend the rationale of that case beyond the context in which it was decided—a private placement by the issuer of its own securities, a situation which clearly gives the issuer an opportunity to legend the shares. Therefore, that portion of the former opinion stating that Edina State Bank applies to this case is withdrawn.

■ The Court is not prepared, however, to grant the relief which the defendant again requests—dismissal of the complaint. It adheres to that portion of its opinion which held that the reasonableness of defendant's conduct in refusing to transfer an unrestricted certificate raises a triable issue of fact. In so doing, the Court is not, as defendant claims, rejecting as "inapposite" those cases relied upon by defendant and distinguished in the former opinion, 433 F.Supp. at 1000–01. It is simply saying that the circumstances presented in those cases are not so closely coincident with these facts to justify dismissal of plaintiff's case at such an early stage of the litigation. To reiterate, "[w]ithout a clear factual background to work from, it is impossible to gauge and apply such an uncertain standard as 'reasonableness.'" 433 F.Supp. at 1001; *cf. Schmidt v. McKay,* 555 F.2d 30 (2d Cir. 1977).

■ The Court has also determined that this case is not appropriate for certification for interlocutory appeal under 28 U.S.C. § 1292(b). This provision permits an immediate appeal when it is determined that an interlocutory order

"involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation."

---

**3.** This section reads:
"Unless noted conspicuously on the security a restriction on transfer imposed by the issuer even though otherwise lawful is ineffective except against a person with actual knowledge of it."

**4.** In its former opinion, the Court assumed that Athena had acquired the shares in a private

placement. Athena acquired the shares from New Jersey Zinc, a corporation which, like Athena, was a wholly owned subsidiary of Gulf and Western. Defendant claims that such a transfer requires no registration or exemption from registration (such as a private placement) and, consequently, did not trigger concern that a Securities Act violation might be occurring.

One consideration to be weighed in deciding whether to certify a question for an immediate appeal is whether the factual background of the case is sufficiently settled to sharply define the legal issues raised. 9 *Moore's Federal Practice* ¶ 110.22[2] at 261 (2d ed. 1975). Moreover, the policy against piecemeal appeals is effectuated in this circuit by an added requirement that the legal issue "contribute to the determination, at an early stage, of a wide spectrum of cases." *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515 at 525 (S.D.N.Y.1973).

■ Defendant formulates the controlling question of law as "whether the risk of potential damage liability upon an issuer or its transfer agent for attempting to comply with the Securities Act by refusing to transfer securities in the absence of an opinion of the purchaser's counsel or a no action letter of the SEC (at least where the putative violation of the Act inheres in facts evident from the size of the transaction itself), would tend to discourage efforts by issuers and transfer agents to comply with the law."

While this may be true as a general proposition, it does not appear to state a question of law. The controlling question in this litigation is one of fact—whether the defendants acted reasonably under all the circumstances. It simply cannot be said that the issues are so clear cut that defendants can be held to have acted reasonably as a matter of law. If the controlling question is framed in this manner, it clearly fails to fulfill either of the criteria for certification: that the issue occur in a settled factual framework or that it have generalized significance.

In conclusion, defendant Alrac's motion for reargument is granted; the former opinion is amended to the extent set forth in this opinion. Defendant's request for certification under 28 U.S.C. § 1292(b) is denied.

SO ORDERED.