Lawrence C. ARNETT and Donald E. Thayer, Plaintiffs,

v.

GERBER SCIENTIFIC, INC., Gerber Garment Technology, Inc., Sulzer Brothers, Limited, Camsco, Inc., Bruno Allmendinger, Walter L. Schneider, Andre Buchel and Philip T. Hauser, Defendants.

No. 83 Civ. 1051 (LFM).

United States District Court,
S.D. New York.

Dec. 21, 1983.

Lord, Day & Lord by Stephen M. Hudspeth and Charles L. Reach III, New York City, for Gerber Scientific, Inc., Gerber Garment Technology, Inc., and Camsco, Inc.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe by William G. Todd, New York City, for plaintiffs; Brown, Thomas, Karger & Bickel, Dallas, Tex., of counsel.

## OPINION

MacMAHON, District Judge.

Defendants Gerber Scientific, Inc., Gerber Garment Technology, Inc., and Camsco, Inc. move for an order certifying for immediate appeal, pursuant to 28 U.S.C. § 1292(b), our opinion and order of June 30, 1983 denying defendants' motion to dismiss. *See Arnett v. Gerber Scientific, Inc.*, 566 F.Supp. 1270 (S.D.N.Y.1983).

As more fully set forth in our earlier opinion, *supra*, this case arises from the merger of Camsco, Inc. with "Newco," a wholly-owned subsidiary of Gerber Garment Technology, Inc. ("GGT") on January 3, 1983. The complaint alleges five claims, only two of which are asserted against the Gerber defendants. The first claim, alleging a violation of Section 7 of the Clayton Act, is brought derivatively on behalf of Camsco and seeks damages and divestiture of Camsco from GGT, or, alternatively, rescission of the merger. The second claim, alleging a violation of Section 2 of the Sherman Act, is again brought derivatively

and seeks damages and divestiture of Camsco from GGT.

In our earlier opinion and order denying defendants' motion to dismiss these claims, we held that plaintiffs had standing to sue derivatively:

> "where, as here, all of the following three elements are present: (1) plaintiffs' disposition of the stock was involuntary; (2) the disposition was related to the allegedly illegal acts of defendants, and (3) the remedy sought would result in plaintiffs regaining shareholder status." 566 F.Supp. at 1273.

The cornerstone of defendants' argument on this motion is that plaintiffs do not have standing because rescissionary relief is not available to them under the antitrust laws. Defendants further argue that without rescission plaintiffs cannot regain shareholder status and, therefore, fail to satisfy the third requirement of the three-part test, *supra*, for derivative standing.

This argument is essentially a restatement of an argument which we previously rejected in denying defendants' motion to dismiss. *Arnett v. Gerber Scientific, Inc., supra,* 566 F.Supp. at 1274. Putting their argument in the context of this § 1292(b) motion, defendants contend that whether plaintiffs can obtain rescission is a controlling question of law on which there is a substantial ground for difference of opinion entitling them to seek an immediate appeal from an otherwise unappealable interlocutory order.

■ The criteria for qualification of a certifiable question under 28 U.S.C. § 1292(b) are: (1) a controlling question of law, (2) a substantial ground for difference of opinion on the question, and (3) the ultimate termination of the litigation may be advanced materially. The legislative history of § 1292(b) "stress[es] the limited and exceptional character of the cases to which it applies and condemn[s] any indiscriminate use of the authority given." *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959); *see also Hunt v. Mobil Oil Corp.,* 410 F.Supp. 10, 27–28 (S.D.N.Y.1975); *Pfizer v. Laboratori Pro-Ter Prodotti Therapudici,* 278 F.Supp. 148, 154 (S.D.N.Y.1967). Certification must be strictly limited to the precise conditions in the law, *Gottesman v. General Motors Corp., supra,* and the question must arise in a sufficiently developed factual context to "sharply define the legal issues raised," *Dewitt v. American Stock Transfer Co.,* 440 F.Supp. 1084, 1088 (S.D.N.Y.1977).

■ The essence of defendants' argument is that there is a substantial ground for difference of opinion as to whether rescission is available to a plaintiff in a private antitrust suit.[1] We disagree. It is clear both as a matter of law and as a matter of antitrust policy that the equitable remedy of rescission is well within the power of the district court and is available in appropriate circumstances to remedy conduct prohibited by the antitrust laws. *United States v. Coca-Cola Bottling Co.,* 575 F.2d 222, 227–31 (9th Cir.), *cert. denied,* 439 U.S. 959, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). *See also United States v. E.I. du Pont de Nemours & Co.,* 366 U.S. 316, 326–28, 81 S.Ct. 1243, 1250–51, 6 L.Ed.2d

---

1. In light of our conclusions which follow in the text, *supra,* we need not determine whether an immediate appeal might materially advance the ultimate termination of this litigation. We note, however, that Count III of the complaint states a claim for rescission under Section 10(b) of the Securities Exchange Act and Rule 10b–5. Count IV states a claim for rescission under the common law. Although neither of the claims in Counts III and IV is asserted against the defendants in this motion, it appears at this stage that the defendants are necessary and indispensable parties to the action under Fed.R.Civ.P. 19. *See Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir.1970); *Chiodo v. General Waterworks Corp.,* 380 F.2d 860, 866–67 (10th Cir.), *cert. denied,* 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967); *see also Lynch v. Sperry Rand Corp.,* 62 F.R.D. 78, 86–87 (S.D.N.Y.1973); *Grogg v. General Motors Corp.,* 72 F.R.D. 523, 533 (S.D.N.Y. 1970). It is doubtful, therefore, that permitting an immediate appeal by these defendants would, in a practical sense, materially advance the ultimate termination of this litigation. Even if their appeal were successful, their participation in the action would still be required under Fed.R.Civ.P. 19.

318 (1961); *United States v. E.I. du Pont de Nemours & Co.*, 353 U.S. 586, 607–08, 77 S.Ct. 872, 884–5, 1 L.Ed.2d 1057 (1956).

Thus, defendants fail to meet the statutory requirement that the question to be certified be one over which there is a substantial ground for difference of opinion. While this finding alone is sufficient to deny defendants' motion, we also note that defendants have not raised a controlling question of law.

■ As we stated in our prior opinion, "selection of an appropriate remedy, if any, must await full development of the facts." *Arnett v. Gerber Scientific, Inc., supra*, 566 F.Supp. at 1274. This complex case, involving interrelated claims under the antitrust laws, federal securities laws, and Delaware corporate law, is in its early stages. Numerous factual issues bearing directly on the selection of the appropriate remedy, if any, remain undeveloped or disputed. In the absence of a more fully developed factual record, certification under § 1292(b) is inappropriate; it cannot be said with reasonable certainty that the question, as presently framed by defendants, is indeed "controlling." *See Oneida Indian Nation of New York v. County of Oneida*, 622 F.2d 624, 628 (2d Cir.1980); *DeWitt v. American Stock Transfer Co., supra*, 440 F.Supp. at 1087–88; 9 Moore's Federal Practice ¶ 110.22[2] at 134 n. 20a (Supp.1983). *See also Slade v. Shearson Hammill & Co.*, 517 F.2d 398, 400, 407 (8th Cir.1979); *Pascall v. Kansas City Star Co.*, 605 F.2d 403, 407 (8th Cir.1979); *Kohn v. Royall Koegel & Wells*, 59 F.R.D. 515, 525 (S.D.N.Y.1973).

Accordingly, the motion by defendants Gerber Scientific, Inc., Gerber Garment Technology, Inc., and Camsco, Inc. to amend our opinion of June 30, 1983 by certifying it for immediate appeal is denied in all respects.

So ordered.