**OLIN CORPORATION, Plaintiff,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, the Hanover Insurance Company (as successor to Massachusetts Bonding and Insurance Company), American Home Assurance Company, American Re-Insurance Company, Certain Underwriters At Lloyd's, London, Commercial Union Insurance Company (as successor to Employers' Liability Assurance Corporation, Ltd., and Employers Commercial Union Insurance Company of America), Continental Casualty Company, Employers Insurance of Wausau a Mutual Company, Falcon Insurance Company (as successor to Employers' Surplus Lines Insurance Company), Federal Insurance Company, Fireman's Fund Insurance Company, Great American Insurance Company, the Home Insurance Company, Lexington Insurance Company, London & Edinburgh Insurance Company Limited, National American Insurance Company of New York (as successor to Stuyvesant Insurance Company), National Union Fire Insurance Company of Pittsburgh, North River Insurance Company, Northbrook Excess and Surplus Insurance Company, and Transit Casualty Company, Defendants.**

No. 84 Civ. 1968 (LFM).

United States District Court,
S.D. New York.

May 3, 1985.

Kissam, Halpin & Genovese by James J. Harrington and Norma B. Levy, New York City, for plaintiff.

Davis Polk & Wardwell by Guy Miller Struve, Paul R. Koepff, Daniel L. Brockett and Lisa Huestis, New York City, for defendant Ins. Co. of North America.

## OPINION

MacMAHON, District Judge.

Plaintiff Olin Corporation ("Olin") moves, pursuant to Rule 3(j) of the Local Rules for the Southern District of New York, to reargue its motion for partial summary judgment, or, in the alternative, pursuant to 28 U.S.C. § 1292(b), for certification that this court's order denying summary judgment involves a controlling question of law which should be immediately appealed.

In its motion for partial summary judgment, Olin sought to hold defendant Insurance Company of North America ("INA") liable for 100% of the defense costs Olin incurred in defending claims for bodily injury and property damage resulting from its manufacture of dichlorodiphenyltrichloroethane ("DDT"). INA cross-moved for partial summary judgment declaring that defense costs should be paid either equally or proportionately by INA, Olin and three other primary insurers. In our decision, dated March 6, 1985, we denied both motions because of the existence of material issues of fact in dispute. 603 F.Supp. 445 (D.C.N.Y.).

In support of its reargument motion, Olin asserts that INA's admissions, controlling authorities and interpretations of the policies themselves require reversal of our prior decision. However, Olin has failed to point out any authority that would lead us to change our original decision. Issues of fact still exist which preclude our granting of summary judgment to either party. The extent of INA's, or any other insurer's, duty to defend can only be determined upon a plenary trial.

In the alternative, Olin seeks certification for immediate appeal. In order to certify a question for appeal under 28 U.S.C. § 1292(b), it must involve a controlling question of law as to which there is substantial ground for difference of opinion, which may materially advance the ultimate termination of the litigation. "The legislative history of § 1292(b) 'stress[es] the limited and exceptional character of the cases to which it applies and condemn[s] any indiscriminate use of the authority given.'" *Arnett v. Gerber Scientific, Inc.*, 575 F.Supp. 770, 771 (S.D.N.Y.1983).

The essence of Olin's argument is that there is a substantial difference of opinion on a controlling question of law as to whether Olin must bear the burden of establishing that injury occurred during INA's policy or whether the burden is on the insurer to exclude itself from liability for defense costs.

The question for certification "must arise in a sufficiently developed factual context

to 'sharply define the legal issues raised.'" *Arnett, supra,* 575 F.Supp. at 771. "It is doubtful whether the denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a 'controlling question of law.'" *Chappell & Co. v. Frankel,* 367 F.2d 197, 200 n. 4 (2d Cir. 1966). *See also, DeWitt v. American Stock Transfer Co.,* 440 F.Supp. 1084 (S.D. N.Y.1977). Without a more fully developed factual record, certification is inappropriate. There is a lack of certainty as to whether the question is controlling. *Arnett, supra,* 575 F.Supp. at 772.

Accordingly, plaintiff's motion for reargument is granted, and, upon reargument, we adhere to our opinion, dated March 6, 1985, denying plaintiff's and defendant's motions for partial summary judgment. Since plaintiff has failed to demonstrate that there is a controlling question of law warranting certification, its alternative motion for certification is denied. SO ORDERED.